UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD,

                Plaintiff,

v.                                               Case No. 14-cv-1157-pp

BELINDA SCHRUBBE,
DR. JOHN SCHETTLE,
and DR. B. DELAP,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE DISMISSAL
(DKT. NO. 62)**

On February 16, 2019, the court approved the parties' stipulation for dismissal, dkt. no. 58, and issued an order dismissing the case with prejudice, dkt no. 59. The plaintiff has filed a motion to vacate the dismissal under Federal Rule of Civil Procedure 60(b), asserting that the defendants have failed to follow the terms of the settlement agreement. Dkt. No. 62 at 1-3. The plaintiff says that he was sent to a referral dentist on June 6, 2019, but that the Department of Corrections (DOC) did not pay the bill for that care and the bill was referred to a debt collection agency. Id. at 1-2. He alleges that the defendants not only decided not to pay the bill for the dental care but that they "intercepted all subsequent bills addressed to the plaintiff in an attempt to keep the plaintiff from learning of their breach." Id. at 3. The plaintiff asks the court to vacate the order dismissing the case and allow him to proceed on his proposed amended complaint which includes a state law claim for breach of contract. Dkt. No. 62 at 4.

1

The defendants contend that the court lacks jurisdiction to adjudicate an alleged breach of a settlement agreement. Dkt. No. 66 at 2-3. The defendants explain that for reasons the DOC has not been able to determine, the bill for the plaintiff's dental care was not paid. Id. at 1. They explain that the amount due on the bill is $209.77 and state that the DOC will pay it. Id. at 1-2. The defendants also state that due to oversight or error, the plaintiff was not sent back to the offsite provider, Dental Associates, for an additional appointment to complete the course of treatment prior to March 2020, at which time many clinics closed dental facilities and halted non-emergency dental procedures due to the COVID-19 pandemic. Id. at 2. The defendants represent that the Green Bay institution dentist, Dr. Yang, has submitted a request for an off-site appointment to rectify this error and that it is in the process of being approved by the DOC dental director. Id. Once that approval comes through, the plaintiff will be sent to an offsite clinic for a dental exam, after which the treatment will be completed. Id.

In reply, the plaintiff asserts—as he did in the motion—that after the settlement, he discovered that he had other cavities aside from those he'd alleged in the original complaint; he asserts that the defendants failed to record those cavities in his chart. Dkt. No. 68 at 2. He disputes that the dental bill was not paid for "unknown" reasons, arguing that the failure to pay was intentional. Id. at 1. He asserts that the failure to pay has had a negative impact on his credit report. Id. at 2. He insists that the only appropriate remedy is to reopen the case and allow him to pursue "claims for the injuries hidden by the Defendants and only discovered post-settlement as well as the cause of the breaches and the further damages they caused." Id. at 4.

The court dismissed this case with prejudice under the terms of the parties' stipulation for dismissal; it did not retain jurisdiction to enforce the terms of the settlement. The court lacks jurisdiction to vacate the dismissal and will not reopen this case. Magruder v. Fid. Brokerage Servs. LLC, 818 F.3d 285, 288 (7th Cir. 2016) ("[I]f parties settle litigation that arose under federal law, any contest about that settlement needs an independent jurisdictional basis."). "A disagreement about whether parties to a settlement have honored their commitments is a contract dispute." See Jones v. Ass'n of Flight Attendants-CWA, 778 F.3d 571, 573 (7th Cir. 2015) (citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, at 378, 381 (1994)). The court does not have diversity jurisdiction under 28 U.S.C. §1332 and it therefore lacks subject matter jurisdiction over any contract dispute. The court will deny the plaintiff's motion to vacate.

As for the plaintiff's assertions that there were other cavities that he did not learn of until after the settlement, if he wants to pursue a cause of action regarding those injuries, he must do so in a separate lawsuit.

The court **DENIES** the plaintiff's motion to vacate dismissal. Dkt. No. 62.

Dated in Milwaukee, Wisconsin this 18th day of October, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**